IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

UNITED STATES OF AMERICA,　　　　)
　　　　　　　　　　　　　　　　　　)
　　　　　　　　　　　Plaintiff,　　)
　　　　　　　　　　　　　　　　　　)
v.　　　　　　　　　　　　　　　　　)　　　　Case No. 12-00291-18-CR-W-GAF
　　　　　　　　　　　　　　　　　　)
RAHMON ALLEN,　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　)
　　　　　　　　　　　Defendant.　　)

## TRIAL ORDER

Present for a scheduling conference held on March 20, 2018, were the defendant and counsel for the defendant and for the government. As a result of discussions at the scheduling conference, the following trial setting and deadlines for pretrial filings were established:

## I. TRIAL SETTING

At the scheduling conference, defense counsel requested a continuance of the initial trial setting. As a result of the parties' discussion and a motion filed by defense counsel, the case is set for trial on the Joint Criminal Jury Trial Docket commencing on **January 7, 2019.**

**The Court expects that the parties will use their best efforts to be ready for trial by this date.** However, if unexpected circumstances arise that would justify a continuance, a Motion to Continue the case off this docket shall be filed, in writing, **five business days prior to the Pretrial Conference** and **shall require a statement by counsel that defendant has been informed of and agrees to the requested continuance.**

1

The Speedy Trial Act of 1974, as amended, mandates the commencement of the trial of a defendant within seventy days from the defendant's first appearance before a judicial officer of the court in which the charge is pending. In computing the seventy-day time period, the periods of delay set forth in 18 U.S.C. § 3161(h) are to be excluded. Any period of delay resulting from a continuance granted at the request of a defendant is excludable if the Court finds the ends of justice served by the taking of such action outweigh the best interests of the public and the defendants in a speedy trial, provided the Court sets forth the reason for such finding. See 18 U.S.C. § 3161(h)(8)(A).

Given the reasons set forth in the motion for continuance and the parties' discussion at the scheduling conference, the Court finds that it would be unreasonable to expect defense counsel to prepare this case adequately for trial prior to January 7, 2019, and that failure to grant a continuance would deny defense counsel the reasonable time necessary for effective preparation and, thus, would deny the defendant the right to effective assistance of counsel. The Court finds that the ends of justice served by granting a continuance outweigh the best interests of the public and the defendants in a speedy trial.

Based on the foregoing, defendant's motion for continuance is granted. This case is removed from the Joint Criminal Jury Trial Docket which commences May 7, 2018, and is set for trial on the Joint Criminal Jury Trial Docket which commences January 7, 2019. Pursuant to 18 U.S.C. § 3161(h), the time between the date of this Order and January 18, 2019, the last date of the January 7, 2019 Joint Criminal Jury Trial Docket, shall be excluded in computing the time within which this trial must commence.

## II. PRETRIAL FILINGS

A. **PRETRIAL MOTIONS**

**On or before August 17, 2018,** the parties shall file any relevant pretrial motions. Any suggestions in opposition shall be filed **within fourteen days from the date the motion is filed.**

B. **OTHER PRETRIAL DEADLINES**

The Pretrial Conference date and all other pretrial filing deadlines are on the undersign's page on the Court's website. The Court's Standing Order on Pretrial Filing Deadlines is incorporated herein by reference.[1]

**IT IS SO ORDERED.**

/s/ *Sarah W. Hays*
SARAH W. HAYS
UNITED STATES MAGISTRATE JUDGE

---

[1] http://www.mow.uscourts.gov/district/sched_orders/SWH_COMBINED_STANDING_ORDER.pdf