# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | **Criminal Action Number:** |
| | ) | **12-000291-CV-W-GAF** |
| **RAHMON ALLEN,** | ) | |
| | ) | |
| **Defendant.** | ) | |

# REPORT AND RECOMMENDATION

On February 25, 2014, defendant Rahmon Allen ("Allen") was charged in this Court in a ten-count Second Superseding Indictment with alleged violations of 21 U.S.C. §§ 841(b)(1)(A), 846. An arrest warrant for Allen was thereafter issued. Nearly four years later, on January 10, 2018, Allen was arrested by FBI agents in Jacksonville, Florida. The following day, Allen appeared before the Honorable James R. Klindt, Magistrate Judge in the United States District Court for the Middle District of Florida. Before Judge Klindt, Allen waived identity and detention hearings (but reserving the right to seek a detention hearing when returned to this district). On January 12, 2018, Judge Klindt ordered Allen returned to the Western District of Missouri to face the charges set out in the aforementioned Second Superseding Indictment.

On February 28, 2018,[1] Allen made an initial appearance before the Honorable Sarah Hays, Magistrate Judge in this district and the government filed a motion to detain Allen. Following a hearing on March 5, 2018, the Court ordered Allen detained pending the resolution of his criminal case. A scheduling conference was also set for March 20, 2018. At the

---

[1] On January 30, 2018, Allen was transported by the United States Marshal's Service ("USMS") to Tallahassee, Florida. A week later, on February 6, 2018, the USMS transported Allen to Oklahoma City, Oklahoma. The next day, February 7, 2018, Allen was transported to the CCA detention center at Leavenworth, Kansas.

conference, Allen's trial was scheduled to commence on May 7, 2018. However, also on March 20, 2018, Allen filed a motion with the Court to continue the case to the January 7, 2019 criminal trial docket. On May 7, 2018, Allen filed his MOTION TO DISMISS INDICTMENT [Doc. 828], which is now pending before the Court.

In his motion, Allen seeks dismissal of the Second Superseding Indictment against him due to a violation of his right to a speedy trial. A criminal defendant's right to speedy trial is a product of both Constitutional and statutory law. Allen invokes both bases in his motion. The Court first addresses the statutory right to a speedy trial.

The Speedy Trial Act, 18 U.S.C. §§ 3161-74, was enacted by Congress "in order to give real meaning to that Sixth Amendment right." H.R. REP. NO. 93-1508, at 11 (1974), *reprinted in* 1974 U.S.C.C.A.N. 7430. Germane to the present motion, the Speedy Trial Act provides:

> In any case in which a plea of not guilty is entered, the trial of a defendant charged in an information or indictment with the commission of an offense shall commence within seventy days from the filing date (and making public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs. . . .

18 U.S.C. § 3161(c)(1) (*emphasis added*). Consequently, the Speedy Trial Act requires that a defendant be tried within seventy days after being charged or initially appearing, unless the time is stopped for reasons set forth in the Act. *United States v. Herbst*, 666 F.3d 504, 510 (8th Cir. 2012) (*citing United States v. Lucas*, 499 F.3d 769, 782 (8th Cir. 2007) (*en banc*)).

Allen argues that the 70-day time period was triggered on January 10, 2018, when he was arrested in Florida. Allen then argues that the government was required to commence his trial on or before March 20, 2018. Allen calculates the time between those dates as 70 days and argues that the Speedy Trial Act has been violated. The government does not dispute Allen's assertion

2

that the trigger date for calculating the 70-day time period began on January 10, 2018, but argues that some of the intervening time must be excluded from the 70-day calculation.[2]

The Court disagrees with the parties as to the alleged January 10, 2018 trigger date. The relevant section of the Speedy Trial Act expressly notes that the time begins to run "from the date the defendant has appeared before a judicial officer of <u>the court in which such charge is pending</u>." 18 U.S.C. § 3161(c)(1) (*emphasis added*). In this case, Allen did not appear before a judicial officer in <u>this</u> district until his initial appearance before Judge Hays on February 28, 2018. While the language in Section 3161 seems plain on its face, it should be further noted that the Eighth Circuit has directly considered the issue.

In *United States v. Grimes*, 702 F.3d 460 (8th Cir. 2012), a defendant appealed following his conviction for various stalking and harassment crimes. On appeal, the defendant argued that the indictment against him should have been dismissed due to violations of the Speedy Trial Act. In support of his argument, the defendant noted:

(1) he was indicted by a grand jury in the United States District Court for the District of South Dakota in January of 2011 and a federal arrest warrant was issued for his arrest,

(2) he was arrested in the State of Virginia and made an initial appearance in the United States District Court for the Western District of Virginia on March 24, 2011,

(3) he was then transported by the USMS to the State of South Dakota where he was arraigned and entered a plea of not guilty to all counts on April 21, 2011,

(4) he filed a motion to dismiss under the Speedy Trial Act on June 15, 2011, which was subsequently denied.

---

[2] There is no dispute that Allen's continuance request stops the clock under the Speedy Trial Act. *See* 18 U.S.C. § 3161(h)(7)(A) (the 70-day period excludes "[a]ny period of delay resulting from a continuance granted by any judge . . . at the request of the defendant").

3

*Id*. at 464-65.  Before the district court, the defendant argued "that the [Speedy Trial Act'] seventy-day period for the beginning of his trial began when he first appeared in the Western District of Virginia."  *Id*. at 465.  The argument was rejected.

On the ensuing appeal, the Eighth Circuit addressed the defendant's contention "that the phrase 'the court in which such charge is pending' means all federal courts of the United States."  *Id*.  In rejecting the defendant's reading of Section 3161, the Court stated:

> When interpreting a statute, we start with its plain language. Looking to the text of the STA, then, Congress's use of the definite article "the" followed by the singular noun "court" suggests that the phrase "the court" refers to a single district court, rather than all ninety-four district courts that make up the federal court system. This plain reading is consistent with Rule 20 of the Federal Rules of Criminal Procedure, which sets forth the circumstances under which "[a] prosecution may be transferred to the district where the indictment or information is pending, or from which a warrant on a complaint has been issued, to the district where the defendant is arrested, held, or present."  If [the defendant's] reading of the STA were correct, Rule 20 would be superfluous – there would be no reason to transfer prosecution from one district to another because the indictment or information already would be pending in all federal districts simultaneously.  Further, this conclusion is consistent with the other circuits that have addressed this issue and concluded that the STA time period does not begin to accrue until a defendant appears in the particular district court in which the charges against him are pending.

*Id*. at 466-67 (*citations omitted*).  Because the court concluded that the defendant's 70-day period under the Speedy Trial Act did not begin until he appeared in the District of South Dakota, the court found there was no violation of the Act.  *Id*. at 467.  *See also United States v. Marrero-Romero*, 954 F. Supp. 2d 76, 78 (D.P.R. 2013); *United States v. Trujillo*, 2013 WL 2301802, op. at *1 (E.D. Cal. May 24, 2013); *United States v. Munoz-Amado*, 182 F.3d 57, 60 (1st Cir. 1999); *United States v. Palomba,* 31 F.3d 1456, 1461-62 (9th Cir. 1994); *United States v. Kalady,* 941 F.2d 1090, 1094 (10th Cir. 1991).

4

Using February 28, 2018, as the starting point for calculating Allen's Speedy Trial Act establishes that there has been no statutory violation.[3]

As previously noted, speedy trial rights also have a constitutional dimension. Specifically, the Sixth Amendment guarantees that "[i]n all criminal prosecutions, the accused shall enjoy the right to a speedy . . . trial." U.S. CONST. amend. VI. It is clear, moreover, that "Sixth Amendment challenges are reviewed separately from the Speedy Trial Act." *United States v. Aldaco,* 477 F.3d 1008, 1018-19 (8th Cir. 2007). However, it is equally well settled that "[i]t would be unusual to find the Sixth Amendment has been violated when the Speedy Trial Act has not.'" *Id*. at 1018-19 (*quoting United States v. Titlbach,* 339 F.3d 692, 699 (8th Cir. 2003)). In order to trigger a constitutional speedy trial analysis, a defendant must allege "the interval between accusation and trial has crossed a line 'dividing ordinary from presumptively prejudicial delay.'" *Aldaco*, 477 F.3d at 1019 (*quoting Doggett v. United States,* 505 U.S. 647, 652, 112 S. Ct. 2686, 2691 (1992)).

In this case, Allen was arrested on January 10, 2018, and his case is set on the January 7, 2019 criminal trial docket. However, absent his motion to continue, his criminal trial would have occurred on May 7, 2018, four months after his arrest. The Court does not find that Allen even meets the initial threshold showing for prejudice. *Compare United States v. Perez-Perez*, 337 F.3d 990, 995 (8th Cir. 2003) ("Five months is not a presumptively prejudicial delay.");

---

[3] Even if the Court were to utilize Allen's trigger date of January 10, 2018, there still would be no statutory violation. The Speedy Trial Act specifically instructs court to exclude from the 70-day calculation any "delay resulting from any proceeding relating to the transfer of a case or the removal of any defendant from another district under the Federal Rules of Criminal Procedure." 18 U.S.C. § 3161(h)(1)(E). Even assuming that this excluded transfer time is limited to no more than 10 days [18 U.S.C. § 3161(h)(1)(F)], Allen's claim still falls short of the statutory time period.

5

*United States v. Patterson,* 140 F.3d 767, 772 (8th Cir.1998) (five-month period between detention and trial on drug charges "was not sufficiently long to be presumptively prejudicial"); *United States v. McFarland,* 116 F.3d 316, 318 (8th Cir.1997) (delay just over seven months did not trigger Sixth Amendment analysis). As such, the Court "need not examine the remaining[4] elements." *Perez-Perez*, 337 F.3d at 995.

    Accordingly, it is

**RECOMMENDED** that the Court, after making an independent review of the record and applicable law, enter an order **DENYING** the MOTION TO DISMISS INDICTMENT [Doc. 828] filed on May 7, 2018.

Counsel are reminded that each has 14 days from the date of receipt of a copy of this report and recommendation to file and serve specific objections to the same. A failure to file and serve timely objections shall bar attack on appeal of the factual findings in this report which are accepted or adopted by the district judge except upon the ground of plain error or manifest injustice.

                                        */s/ John T. Maughmer*
                                      **John T. Maughmer**
                                  **United States Magistrate Judge**

---

[4] A defendant must make an initial showing of presumptive prejudicial delay, generally a delay approaching one year. *Doggett v. United States, supra*, 505 U.S. at 652 n.1, 112 S. Ct. at 2691 n.1. If a defendant makes an adequate initial showing, then a court must conduct an analysis of the defendant's speedy trial claim by balancing the four factors initially identified by the Supreme Court in *Barker v. Wingo,* 407 U.S. 514, 92 S. Ct. 218 (1972), to wit: (1) the length of delay; (2) the reason for delay; (3) whether the defendant asserted the right to a speedy trial; and (4) whether the defendant suffered any prejudice. *Id.* at 530, 92 S. Ct. at 2192.