IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:12 CR 291-GAF |
| | ) | |
| RAHMON ALLEN | ) | |
| Defendant. | ) | |

## DEFENDANT'S OBJECTIONS TO THE COURT'S REPORT AND RECOMMENDATIONS

NOW COMES defendant, RAHMON ALLEN, by and through and his attorney, QUINN A. MICHAELIS, and respectfully objects to the Report and Recommendations (Doc. 846), which references Mr. Allen's Motion to Dismiss the Superseding Indictment against Mr. Allen. Mr. Allen specifically objects to the United States Magistrate Judge's recommendation that the defendant's motion to dismiss should be denied.

Mr. Allen incorporates his previously filed Motion to Dismiss the Indictment (Doc. 828) And Reply to the Response to that motion (Doc. 832) as if specifically set forth herein.

I.      Findings of the Report and Recommendation with respect to the Speedy Trial Act.

Neither party disputes that the starting date for purposes of the Speedy Trial act began on January 10, 2018. However, the Report and Recommendation uses the starting date of February 28, 2018, the date on which Mr. Allen first appeared before Judge Hays, as the date on which time began to run for purposes of the Speedy Trial Act. The Magistrate Judge relies on *United States v. Grimes*, 702 F.3d 460 (8th Cir. 2012) for the proposition that the Speedy Trial Act clock

1

does not begin to run until a defendant initially appears before a judge in the district where he or she has been charged. *Grimes,* however, relies on *United States v. Thirion*, 813 F.2d 146 (8th Cir. 1987), a case involving extradition from another country. In that case, the defendant had fled to Monaco, and was subsequently arrested there on charges originating out of South Dakota. When the defendant was officially turned over by Monaco to the custody of the United States Marshals, he was transferred back to the United States where he subsequently appeared before a United States Magistrate Judge in South Dakota for arraignment. Clearly the most pressing difference between Mr. Allen and the defendant in *Thirion* was that Mr. Thirion initially saw a judicial officer of a different sovereign nation—a court different from the one that originally charged him. In Mr. Allen's case, once he was arrested to answer the formal charges lodged against him, his Sixth Amendment rights attached in any district in which he appeared, and as referenced by the Magistrate Judge, the Speedy Trial Act was enacted "in order to give real meaning to that Sixth Amendment right." H.R. Rep. No 93-1508, at 11 (1974), *reprinted in* 1974 U.S.C.C.A.N. 7430.

Mr. Allen objects to the Magistrate Judge's interpretation of the Speedy Trial Act. To start, the Speedy Trial Act contains provisions to ensure that a defendant is not held with unreasonable delay between the date a complaint is filed, and when the indictment is returned. The Act sets the outer limit that a defendant may be held between complaint and indictment at 30 days. 18 U.S.C. § 3161(b). Here the Speedy Trial Act gives effect to a defendant's 5th amendment due process rights. However, once a defendant is indicted, his or her Sixth Amendment rights are implicated. At that point, pursuant to the Act, the government has 70 days from the date of indictment or initial appearance to bring a defendant to trial. 18 U.S.C. § 3161(c). Rule 5(d) of the Federal Rules of Criminal Procedure require a defendant to be informed of certain rights at

2

the initial appearance, regardless of whether the initial appearance occurs within the charging district or outside of the charging district.  If time is excluded between a defendant's initial appearance in one district and his appearance in the charging district, a legal limbo is created in which no amount of delay is unreasonable, nor is the statute triggered even if the delay in bringing the defendant to the charging district extended over months or even years.  This result is antithetical to the Supreme Court's holding in *United States v. MacDonald*, discussing the interests served by the Speedy Trial Clause:

> "Inordinate delay between arrest, indictment, and trial may impair a defendant's ability to present an effective defense. But the major evils protected against by the speedy trial guarantee exist quite apart from actual or possible prejudice to an accused's defense. To legally arrest and detain, the Government must assert probable cause to believe the arrestee has committed a crime. Arrest is a public act that may seriously interfere with the defendant's liberty, whether he is free on bail or not, and that may disrupt his employment, drain his financial resources, curtail his associations, subject him to public obloquy, and create anxiety in him, his family and his friends."
> The Sixth Amendment right to a speedy trial is thus not primarily intended to prevent prejudice to the defense caused by passage of time; that interest is protected primarily by the Due Process Clause and by statutes of limitations. The speedy trial guarantee is designed to minimize the possibility of lengthy incarceration prior to trial, to reduce the lesser, but nevertheless substantial, impairment of liberty imposed on an accused while released on bail, and to shorten the disruption of life caused by arrest and the presence of unresolved criminal charges.

*United States v. MacDonald*, 456 U.S. 1, 8 (1982)(internal citations omitted).  The Supreme Court's analysis under MacDonald is no less true when applied to the Speedy Trial Act, which emanates from the Sixth Amendment itself.

Excluding the time between Mr. Allen's initial appearance in the Middle District of Florida on January 11, 2018 and Mr. Allen's initial appearance in the Western district of Missouri February 28, 2018 essentially carves out a legal limbo for defendants who are arrested in other districts and must be transported to the district in which they have been indicted.  According to the Magistrate Judge's reading of the Speedy Trial Act, no amount of delay between these

3

appearances is unreasonable, nor triggering of the statute, even if that delay were to extend over months or even years. Even when, as in Mr. Allen's case, he arrived in the Western District of Missouri on February 7, 2018 and was still not brought before a magistrate judge for over twenty days. This result is particularly alarming considering the Speedy Trial Act's specific reference to the presumptive unreasonableness of a 10 day or longer delay resulting in the transportation of a defendant from one district to another after a removal order is entered. 18 U.S.C. § 3161(h)(1)(F). If none of the time that a defendant spends in removal from one district to another counts for purposes of the Speedy Trial Act, there would be no need to reference that time in its own subsection of the act.

II. The Report and Recommendation with respect to the Sixth Amendment right to a speedy trial.

The Magistrate Judge also evaluated Mr. Allen's claims separately under the Sixth Amendment's speedy trial clause and Mr. Allen similarly objects to the Magistrate Judge's recommendation that he did not meet the initial threshold showing of prejudice. Although "[i]t would be unusual to find the Sixth Amendment has been violated when the Speedy Trial Act has not," *United States v. Titlbach,* 339 F.3d 692, 699 (8th Cir.2003), "the Sixth Amendment right "attaches at the time of arrest or indictment, whichever comes first, and continues until the trial commences." *United States v. Perez-Perez,* 337 F.3d 990, 995 (8th Cir.2003). Given that the Magistrate Judge suggests that the time between arrest and appearance within the district be excluded from the speedy trial determination, which could therefore lead to potentially unending periods of incarceration that do not implicate a defendant's speedy trial rights, Mr Allen's circumstance is exactly the type of situation in which the Sixth Amendment has been violated even if the Court finds that the Speedy Trial Act has not been. In Mr. Allen's case, he spent at least 50 days without access to counsel as he was transported between the districts.

4

Furthermore, the superseding indictment in this case was returned in 2014. At Mr. Allen's detention hearing held on March 5, 2018, the case agent disclosed that after the indictment was returned, the government had never notified any of Mr. Allen's family members that there was a warrant out for his arrest. And as discussed further in *Doggett v. United States*, 505 U.S. 647 (1992), the proper inquiry as to presumptive prejudice caused by delay begins with the formal accusation and continues through trial. The Magistrate Judge is incorrect in beginning the Sixth Amendment speedy trial analysis on January 10, 2018. The proper analysis begins with Mr. Allen's formal accusation on February 25, 2014. (Doc. 244). The Eighth Circuit has already found that a delay of 37 months is presumptively unreasonable. *United States v. Walker*, 92 F. 3d 714 (8th Cir. 1996) The delay thus far in Mr. Allen's case has exceeded 37 months and Mr. Allen is entitled to a full analysis of his speedy trial claims using the factors identified under *Barker v. Wingo*, 407 U.S. 514 (1972).

III.  Conclusion.

Accordingly, for the reasons set forth herein and his previous two filings on the issue, Defendant prays that the Report and Recommendation be overruled with respect to its recommendation regarding the defendant's Motion to Dismiss the Indictment and that they Court enter an Order dismissing the indictment against defendant.

Respectfully Submitted this 20th day of November, 2018.

s/Quinn A. Michaelis
_____
Quinn A. Michaelis
Attorney for RAHMON ALLEN
Attorney ID No. IL 6293379
73 W. Monroe

Chicago, IL 60601
(312)714-6920

## CERTIFICATE OF SERVICE

I hereby certify that on November 20, 2018, I electronically filed the above

DEFENDANT'S OBJECTIONS TO THE COURT'S REPORT AND RECOMMENDATION

with the Clerk of Court using the CM/ECF system to all listed parties in the case.

Respectfully Submitted on November 20, 2018.

By His Attorney,
s/ Quinn A. Michaelis
Quinn A. Michaelis
Attorney For RAHMON ALLEN
73 W. Monroe
Chicago, Illinois 60601
312-714-6920