IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Criminal Action No. |
| | ) | 12-00291-18-CR-W-GAF |
| RAHMON ALLEN, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER OF CONTINUANCE

On February 25, 2014, a superseding indictment was filed in the Western District of charged 20 defendants with participating in a conspiracy to distribute controlled substances, in violation of 21 U.S.C.§§ 841(a)(1), 841(b)1(A)(viii) and 846. This criminal action is currently set for trial on the joint criminal trial docket which commences January 7, 2019.

On December 10, 2018, defendant Allen, by and through counsel, filed a motion for continuance and suggestions in support thereof. The suggestions in support of the defendant's motion for continuance state, in part, as follows:

> The government has provided the defendant with complete discovery as of October, 2018, which consists of one external hard drive containing several thousand documents, intercepted recordings, and text messages. The undersigned counsel is still in the process of reviewing this discovery and additional time is needed to complete the review of this discovery, as well as fully investigate the facts of the case, adequately research and prepare of a trial, and explore further the possibility of a resolution short of trial.

1

> The other defendants in this case have no further pending charges against them, with the exception of Charles E. Williams (D-20), who remains a fugitive as of this filing.
>
> Counsel for the government indicated that they do not oppose this motion and that the earliest they are available for a trial in this matter is August 19, 2019.

The Speedy Trial Act of 1974, as amended, mandates the commencement of the trial of a defendant within 70 days from the defendant's first appearance before a judicial officer of the Court in which the charge is pending. In computing the 70-day time period, the periods of delay set forth in 18 U.S.C. § 3161(h) are to be excluded. Any period of delay resulting from a continuance granted at the request of a defendant is excludable if the Court finds the ends of justice served by the taking of such action outweigh the best interest of the public and the defendant in a speedy trial, provided the Court sets forth the reason for such finding.

Section 3161(h)(7)(C) provides that a continuance shall not be granted because of general congestion of the Court's calendar. In ordering this case removed from the joint criminal jury trial docket which will commence January 7, 2019, and continuing the trial until the joint criminal jury trial docket which will commence August 19, 2019, the Court is not doing so because of congestion of its calendar.

The Court finds that:

1. In light of the circumstances set out in the above-quoted portion of the suggestions in support of the motion for continuance, it would be unreasonable to expect defense counsel to prepare this criminal action adequately for trial prior to August 19, 2019;

2. In light of the circumstances set out in the above-quoted portion of the suggestions in support of the motion for continuance, failure to remove this criminal action from the joint criminal jury trial docket which will commence January 7, 2019, and grant a continuance likely would result in a miscarriage of justice;

2

3. In light of the circumstances set out in the above-quoted portion of the suggestions in support of the motion for continuance, failure to remove this criminal action from the joint criminal jury trial docket which will commence January 7, 2019, and grant a continuance would deny defense counsel the reasonable time necessary for effective preparation and thus would deny the defendant his right to effective assistance of counsel; and

4. In light of the circumstances set out in the above-quoted portion of the suggestions in support of the motion for continuance, the ends of justice served by removing this criminal action from the joint criminal jury trial docket which will commence January 7, 2019, and granting a continuance outweigh the best interest of the public and the defendant in a speedy trial.

It is therefore,

ORDERED that the motion for continuance of this criminal action filed by defendant on December 10, 2018 (Doc. No. 853), is GRANTED and that this criminal action is removed from the joint criminal jury trial docket which will commence January 7, 2019.   It is further

ORDERED that this criminal action is set for trial on the joint criminal jury trial docket which will commence August 19, 2019.   It is further

ORDERED that a pretrial conference is set for Thursday, August 1, 2019, at 1:30 p.m. in Courtroom 7E.   It is further

ORDERED that, pursuant to 18 U.S.C. § 3161(h), the time between the date of this Order and August 30, 2019, shall be excluded in computing the time within which the trial of this criminal action must commence.

*/s/ JOHN T. MAUGHMER*  
JOHN T. MAUGHMER  
United States Magistrate Judge

Kansas City, Missouri