IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> RAHMON ALLEN, <br><br> Defendant. | Case No.12-00291-18-CR-W-DGK |

## GOVERNMENT'S PROPOSED VOIR DIRE QUESTIONS

Comes now the United States of America, by and through Tammy Dickinson, United States Attorney, and Stefan C. Hughes and Cindi Woolery, Assistant United States Attorneys, all for the Western District of Missouri, and files with this Honorable Court proposed voir dire questions to be asked the panel of prospective jurors.

1. The government is represented by Stefan C. Hughes and Cindi Woolery, Assistant United States Attorneys.

    a. Does anyone here know Mr. Hughes, Ms. Woolery, or the United States Attorney, Timothy A. Garrison, or any other member of United States Attorney's Office staff?

    b. Task Force Officer Mark Corbin of the Federal Bureau of Investigation will be assisting Mr. Hughes and Ms. Woolery in the presentation of this case. Does anyone know Task Force Officer Corbin?

  c. Robert "Rob" Mayo, Paralegal, United States Attorney's Office will also be assisting Mr. Hughes and Ms. Woolery in the presentation of this case. Does anyone know Rob Mayo?

  d. Rahmon Allen is represented by Quinn Michaelis. Does anyone know or recognize Ms. Michaelis or the defendant Rahmon Allen?

2. The government has charged the defendant with conspiring with others to distribute cocaine and marijuana. Does anyone have any knowledge whatsoever of these charges, or has anyone heard about this case? For those of you who have heard about the case, can you set aside anything you may have seen on TV or read in the paper, and make your decision only on the evidence presented here in this courtroom?

3. In order to prove the charges in this case the government will present evidence. Much of the evidence in this case will come to you in the form of testimony from the witness stand. The government may call several witnesses in this case [may change depending upon stipulations]. Does anyone know or think they know any of these potential witnesses?

4. If you are chosen to serve as a juror in this case you must determine the believability of the witnesses. The court will instruct you on the type of factors or standards you should consider when making that determination. You should, however, use the same set of factors when determining the believability of each witness. As you may have guessed, there will be police witnesses. Is there any member of the panel who would automatically believe or disbelieve a police officer's testimony solely because he or she is a police officer, without applying the same set of factors that you would apply to the other witnesses?

5. Has any member of the jury panel ever had a bad experience with a law enforcement officer? Would that bad experience cause you to judge a police officer's testimony differently than you would any other witness?

6. The law does not compel a defendant in a criminal case to take the witness stand and testify and no presumption of guilt may be drawn from the fact that a defendant does not testify. Similarly, the law never imposes on a defendant the duty of calling any witnesses or producing any evidence. A defendant who wants to testify, however, is to be judged in the same way as that of any other witness. Will any of you have any difficulty in applying these principles?

7. Have any of you ever served on a jury?

    a. Was it a civil case or criminal case?

    b. Did you reach a verdict in that case?

    c. Did anyone serve as foreperson of the jury?

    d. Is there anything about your prior jury service that would make you unable to be fair and impartial to both sides in this prosecution?

8. Have any of you ever served on a grand jury? Is there anything about that experience that would cause you difficulty in being a fair and impartial juror in this case?

9. Have any of you ever been employed by a law enforcement agency? Do any of you have a family member, relative or friend who has been employed in law enforcement?

10. Is anyone related to or close friends with an attorney who practices criminal law or a judge?

    a. Have they talked about cases or problems with you?

b. Is there anything about that relationship, or that you have learned from them that would make it difficult for you to be a fair and impartial juror in this criminal case?

11. Have you, or any family member, close relation or friend ever been the victim of a crime or been a witness in a criminal case?

    a. Did you feel the police investigated your case as well as they could?

    b. Did you feel you were treated fairly by police, the lawyers and the court?

12. Has any member of the jury panel or a member of your family or a close personal friend ever been charged with a drug offense?

    a. Did you think you or they were unjustly accused?

    b. Did you feel you or they were treated fairly?

13. Has any member of the jury panel or a member of your family or a close personal friend ever been treated for or suffered from addiction to any illegal or prescription drug? Would anything about that experience make it difficult to be a juror on a case involving evidence concerning the distribution of illegal drugs?

14. Has any member of the jury panel or a member of your family or a close personal friend ever been convicted of a felony offense?

    a. Of those convicted, are they currently, or have they in the past, been incarcerated?

    b. Did you feel they were they wrongly prosecuted?

    c. Did you feel the punishment was too severe?

        d.        Did you feel that person was treated fairly by police, prosecutors, and the court system?

15. Has any member of the jury panel or a member of your family or a close personal friend been charged with a crime that is now pending?

        a.        Do you feel that person was wrongly arrested?

        b.        Do you feel that person has been treated fairly by police, prosecutors, and the court system?

16. The government must prove each defendant guilty beyond a reasonable doubt. Is there anyone who would hold the government to proof beyond all doubt before finding a person guilty?

17. Would any of you acquit a defendant, even if convinced beyond a reasonable doubt of guilt, because you felt sympathy or felt that the defendant deserved a break, or were unhappy with the way the police investigated the case?

18. Do each of you understand that, if there is conflicting testimony during the trial about certain facts, it is your task to resolve the conflict and decide which facts deserve to be believed or disbelieved? Does everyone understand that if the government's witnesses and a defendant's witnesses tell different versions of the same event, it is your duty as jurors to decide who to believe or disbelieve?

19. You will hear testimony from witnesses who have pled guilty to charges and will be testifying pursuant to an agreement with the government.

        a.        Does anybody feel that plea agreements are wrong, improper or somehow unfair?

b. Would you tend not to believe the testimony of an individual who has pled guilty pursuant to a plea agreement simply because that witness entered into that agreement or has been given immunity?

c. Does anyone believe or feel it is wrong or improper for an individual to agree to plead guilty and cooperate with the government to identify and testify about others involved in criminal activity?

d. Would you be able to be fair, impartial and unbiased in your evaluation of the testimony of witnesses who are convicted of offenses or have been granted immunity and have agreed to testify?

20. You will hear testimony from witnesses from several law enforcement agencies including the Federal Bureau of Investigation ("FBI"), the Kansas City, Missouri Police Department, the Internal Revenue Service ("IRS") and the Missouri Department of Corrections.

a. Have any of you ever had any specific interactions with any of these agencies beyond a routine interaction? If so, is there anything about those interactions that would affect your ability to sit as a fair and impartial juror?

21. Your function as a juror is to decide questions of fact. However, the court will instruct you in the law to be applied in this case. You are bound by those instructions and cannot substitute your own notions of what you think the law is or should be.

a. Is there anyone who does not understand this principle?

b. Could everyone follow the law as instructed by the court even if you disagreed with it?

22. Do any of you hold any opinions about courts, defense attorneys, prosecutors or law enforcement officers that would prevent you from fairly considering and deciding this case solely on the evidence?

23. The issue of punishment is to be decided solely by the court and should not be considered by you in any way in arriving at your verdict. Does anyone think that would be a problem?

   a. Do any of you feel that you would be unable to remove the consideration of punishment from your deliberations?

24. Do any of you believe that any drugs should be legalized or decriminalized? Does anyone think that drug use and addiction is primarily a social problem and should not be investigated by police or brought to trial in criminal courts?

25. We expect Judge Kays will instruct you that if you find beyond a reasonable doubt the defendant knowingly conspired to distribute 1,000 or more kilograms of marijuana then you must find him guilty. Does anyone have, or intend to get, a legal prescription for medical marijuana from a doctor? Is there anyone who thinks that because Missouri recently allowed medical marijuana in certain circumstances, that all marijuana distribution should be legal? In other words, are there any jurors who do not believe that conspiracy to distribute 1,000 or more kilograms of marijuana should be a federal crime?

26. Do any of you hold the opinion that the dangers of drugs in general of powder cocaine or crack cocaine, in particular, have been exaggerated?

   a. Does anyone themselves, or close family member, friend, or relative, live in a neighborhood that has been severely impacted by drugs, or drug houses?

         b.         Has anyone had a drug house in their neighborhood that was investigated by law enforcement?

27. Does anyone hold any moral, religious, philosophical, political or personal belief such that you would be affected if selected as a juror and asked to judge another person? This is a criminal case and if selected as a juror, you will be asked to make a judgment.

28. Does anyone watch criminal justice shows on television such as Law and Order, CSI, or Boston Legal? Those shows are fictional, and you should not expect that this trial will resemble what you have seen on TV.

         a.         Does anyone have expectations that this case would conform to what is on television?

         b.         If there is a conflict between what you hear in court versus what you have heard on television, will you make your decision based on the evidence from this trial and not what you have seen on television?

29. Has any member of the panel or any member of your family or any close personal friend ever been involved in any controversy or litigation of any kind with the United States Government?

30. It is expected that this trial will last 3 – 4 days (i.e. most of this week).

Does anyone:

         a.         Have any scheduling conflict that could not be adjusted, that is significant enough that if you missed it, it would distract your attention from the trial at hand?

         b.         Suffer from any hearing impairment that makes it difficult for you to understand normal conversation?

  c.  Suffer from any medical ailment that requires you to take medication at regularly scheduled times?

  d.  Suffer from any medical ailment that makes it difficult for you to sit for an extended period of time?

31. Has any past experience affected you in such a way so as to cause you doubt about your ability to sit as a fair and impartial juror? Is there anyone sitting here thinking that they could not be a fair, impartial and unbiased juror in this case for any reason that has yet to be asked?

              Respectfully submitted,

              Timothy A. Garrison
              United States Attorney

    By     ***/s/ Stefan C. Hughes***

              Stefan C. Hughes #40239
              Assistant United States Attorney
              400 East 9th Street, Fifth Floor
              Kansas City, Missouri, 64106
              Telephone: (816) 426-3122

CERTIFICATE OF SERVICE

      The undersigned hereby certifies that a copy of the foregoing was delivered on August 21, 2019, to the CM-ECF system of the United States District Court for the Western District of Missouri for electronic delivery to all counsel of record.

      Quinn Michaelis
      Attorney for defendant Rahmon Allen

      */s/ Stefan C. Hughes*

      Stefan C. Hughes
      Assistant United States Attorney

SCH/jm